UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| ANTHONY NICHOLS, | ) | |
|---|---|---|
| *Plaintiffs*, | ) | |
| v. | ) | Case No. 4:09:cv-44 |
| THE TOWN OF PETERSBURG, TENNESSEE, *et al.* | ) | Judge Mattice |
| *Defendants.* | ) | |

## **MEMORANDUM AND ORDER**

The parties' Joint Motion for Approval of Consent Decree (Court Doc. 53) is presently before the Court. The parties have represented to the Court that they have negotiated a settlement that, if approved by the Court, will protect Plaintiff's civil rights and moot the need for the Court to rule on Plaintiff's pending Motion for Preliminary Injunction (Court Doc. 36, Pl.'s Mot. for Prelim. Inj). The parties further contend that the proposed settlement is fair, reasonable, and consistent with the public interest. (Court Doc. 54, Br. in Supp. at 2.)

For the reasons explained below, the Court will **GRANT** the parties' Joint Motion for Approval of Consent Decree (Court Doc. 53). Plaintiff's Motion for Preliminary Injunction (Court Doc. 36) will be **DENIED AS MOOT**, and the instant case will be **DISMISSED WITH PREJUDICE.**

**I.    LEGAL STANDARD**

"A consent decree is a strange hybrid in the law." *Brown v. Neeb*, 644 F.2d 551, 557 (6th Cir. 1981). It is both "a voluntary settlement agreement which could be fully effective without judicial intervention" and "a final judicial order . . . placing the power and

prestige of the court behind the compromise struck by the parties." *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983). Hence, a consent decree is a "settlement agreement subject to continued judicial policing." *Id.* Accordingly, the "'scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it'" or by what " 'might have been written had the plaintiff established his factual claims and legal theories in litigation.' " *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 574 (1984) (quoting *United States v. Armour & Co.*, 402 U.S. 673, 681-82 (1971)). However, a consent decree should be construed to preserve the position for which the parties bargained. *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir.) (*citing Williams*, 720 F.2d at 920), *cert. denied*, 113 S. Ct. 86 (1992).

Nevertheless, judicial approval of a consent decree places the power and prestige of the court behind the agreement reached by the parties. *Williams*, 720 F.2d at 920. "Once approved, the prospective provisions of the consent decree operate as an injunction." *Id.* citing *Plummer v. Chemical Bank*, 668 F.2d 654, 659 (2d Cir. 1982). The injunctive quality of a consent decree compels the approving court to: (1) retain jurisdiction over the decree during the term of its existence, (2) protect the integrity of the decree with its contempt powers, and (3) modify the decree if "changed circumstances" subvert its intended purpose. *Id.* Further, even if the consent decree does not expressly grant the district court jurisdiction to modify the decree, it is well-settled that " 'courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them.' " *Sarabia v. Toledo Police Patrolman's Ass'n*, 601 F.2d 914, 917 (6th Cir.

1979) (quoting *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir.), cert. denied, 429 U.S. 862 (1976)).

II.     **FACTS**

The City of Petersburg is a municipal government located in Tennessee in both Lincoln County and Marshall County, Tennessee. (Parties' Br. in Supp. at 2.) On or about August 7, 2008, the voters of Petersburg elected Plaintiff to a four-year term as a member of the Board of the City of Petersburg, pursuant to Article II, § 3, of the Petersburg Charter. On or about October 31, 2008, Plaintiff spoke with City of Petersburg Board Member Kenneth Richardson, Larry Hardin, Chief of Police for the City of Petersburg, and City of Petersburg Recorder Tracy Dawn Forlines about the 2008 presidential election. (*Id.* at 3.) During this conversation, Plaintiff showed a doctored, sexually explicit photograph of one of the vice-presidential candidates to Richardson, Hardin, and Forlines. (*Id.*)

On November 10, 2008, during the City of Petersburg Board meeting, Plaintiff raised issues concerning Forlines and Hardin.   (Parties' Br. in Supp. at 2.) During this meeting, Plaintiff alluded to irregularities in the receipt of wages and the taking of leave by Forlines, which were previously cited by the State of Tennessee's Comptroller of the Treasury and John Cowden, Mayor of the City of Petersburg. (*Id.*) Plaintiff also raised issues concerning Hardin using his patrol vehicle for personal, non-duty use. (*Id.*) At the December 15, 2008 City of Petersburg Board meeting, the members of the Board passed measures to remove Plaintiff from the Board for showing the doctored, sexually explicit image to Forlines. None of the Board members initiated a proceeding to oust Plaintiff from office under the

procedure set forth in Tennessee's Ouster Code.  (*Id.* at 3. citing Tenn. Code Ann. § 8-47-101, *et seq.*)

Plaintiff initiated the instant suit pursuant to 42 U.S.C. § 1983, which asserts that the Board's actions violated his constitutional rights. (Parties' Br. in Supp. at 3.) Plaintiff sought a permanent injunction restoring him to office for the remainder of the term, an award of damages with interest, reasonable attorneys' fees and expenses of this action.  (*Id.* at 3.)

The parties now contend that the Consent Decree, which they have proffered to the Court, represents the full and final settlement of the claims asserted in the First Amended Complaint.  (Parties' Br. in Supp. at 4.)  If the Court were to approved the proposed Consent Decree, Plaintiff would be restored as a member of the Board, which would accord him all of the rights, powers, and privileges of a duly-elected Board member for the remainder of his current term of office.  *Id.*  Under the proposed Consent Decree, Defendants may not remove Plaintiff from office on account of the conduct alleged in the First Amended Complaint, the Court must approve any modification of the Consent Decree, Defendants will pay reasonable attorneys' fees and court costs as may be agreed upon between the parties or as may be ordered by the Court, and the Consent Decree will remain in effect for the remainder of Plaintiff's current term, which expires in August, 2012 or whenever his successor is elected and qualified, if later. *Id.* at 5.  If the parties cannot agree upon a sum which constitutes reasonable attorneys' fees and court costs, Nichols will seek such costs from the Court in accordance with Rule 54(d) of the Federal Rules of Civil Procedure.  Upon approval and entry, the Consent Decree will constitute a final judgment between the parties pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## III. ANALYSIS

The criteria to be considered when a district court decides whether to approve and enter a proposed consent decree are whether the decree is " 'fair, adequate, and reasonable, as well as consistent with the public interest.' " *United States v. County of Muskegon*, 298 F.3d 569, 580-81 (6th Cir. 2002) (quoting *United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 351 (6th Cir. 1986)). In *United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1409, 1426 (6th Cir. 1991), the United States Court of Appeals for the Sixth Circuit characterized "the standard of fairness, reasonableness and consistency with the statute" as "our court's general test for consent decrees." *United States v. Fayette County Neighborhood Council*, 591 F.3d 484, 489 (6th Cir. 2010).

In this instance, the key public interest at issue is the subrogation of the rights of the voters who elected Plaintiff to office. The Supreme Court has recognized the right to vote as a "judicially cognizable interest." *See, e.g., Reynolds v. Sims*, 377 U.S. 533, 554, 84 S. Ct. 1362, 12 L. Ed. 2d 506 (1964) ("[T]he Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections."); *United States v. Classic*, 313 U.S. 299, 314 (1941) ("The right of the people to choose . . . is a right established and guaranteed by the Constitution and hence is one secured by it to those citizens and inhabitants of the state entitled to exercise the right."). In fact, "[e]lectoral interests are among the abstract interests that support standing in a wide variety of settings." 13 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure*, § 3531.4.

One of the "true principle[s] of a republic," is "that the people should choose whom

they please to govern them." *Mundo-Rios v. Vizcarrondo-Irizarry*, 228 F. Supp. 2d 18, 25-26 (D. Pr. 2002) citing *Powell v. McCormack*, 395 U.S. 486, 540-41 (1969); *Larsen v. Senate of Com. Pa.*, 152 F.3d 240, 248 (3d Cir. 1998); *Davids v. Akers*, 549 F.2d 120 (9th Cir. 1977) (where a federal district court was held to have jurisdiction over a controversy relating to the seating of Democratic members of the Arizona state House of Representative, since the action involved a civil rights violation).

Having reviewed the terms of the proposed Consent Decree, the Court finds that the proposed settlement is fair, reasonable, adequate, and in the public interest because Plaintiff will be restored to the position to which he was duly elected by the voters of the City of Petersburg, Plaintiff will be compensated for court costs and reasonable attorneys' fees, and Plaintiff will be protected from unlawful removal from this post in the future. The Court further finds that retaining jurisdiction over the Consent Decree will safeguard any potential future transgression. Accordingly, the Court will **GRANT** the parties' Joint Motion for Approval of Consent Decree [Court Doc. 53].

## IV. CONCLUSION

For the reasons explained above, the parties' Joint Motion for Approval of Consent Decree (Court Doc. 53) is **GRANTED**. Plaintiff's Motion for Preliminary Injunction (Court Doc. 36) is **DENIED AS MOOT**, and the instant case is hereby **DISMISSED WITH PREJUDICE.**

The Clerk is directed to close the case file upon entry of the subject Consent Decree.

**ENTERED** this 29th day of March, 2010.

/s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE